IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAJ K. BHANDARI, MEENAKSHI
BHANDARI, LARRY R. GUSTAVSON,
and LAVONNE C. GUSTAVSON,

                            Plaintiffs,                    OPINION AND ORDER

        v.
                                                          13-cv-220-wmc

UNITED STATES DEPARTMENT OF
TRANSPORTATION, RAY LAHOOD,
FEDERAL HIGHWAY ADMINISTRATION,
VICTOR M. MENDEZ, and MARK GOTTLEIB,

                            Defendants.

---

Pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 501 *et seq.*, plaintiffs Raj and Meenakshi Bhandari and Larry and Lavonne C. Gustavson allege defendants, federal and state entities and officials, violated provisions of the Federal-Aid Highways Act ("FAHA"), 23 U.S.C. § 101 *et seq.*, in refusing to install on and off-ramps near their respective properties as part of a highway project ("the Project").  The court previously denied plaintiff's motion for preliminary injunction, concluding that plaintiffs were not likely to succeed on the merits of their claim.  (5/9/13 Op. & Order (dkt. #36).)  Now proceeding *pro se*, plaintiffs have filed a motion for summary judgment, pointing to materials in the administrative record, which they believe support their claims.  While in no way diminishing the potentially devastating impact of the Project on the Bhandaris' small gas station or the diminution in the value of the Gustavsons' house,[1] plaintiffs have

---

[1] Plaintiffs submitted evidence showing that the gas station's average number of customers dropped from about 8,000 per month before construction to approximately

failed to establish from the administrative record that defendants' action were "arbitrary, capricious, an abuse of dissection, or otherwise not in accordance with the law" as required for relief under the APA.   Accordingly, the court will grant judgment to defendants.

## UNDISPUTED FACTS

In its decision denying plaintiffs' motion for preliminary injunction, the court described the facts underlying plaintiff's challenge at length and noted that "the material facts are largely undisputed."   (5/9/13 Op. & Order (dkt. #36) 2 n.2.)   Having been confirmed by the parties' summary judgment submissions, the court incorporates by reference those facts as undisputed.[2]   Where material, the court discusses additional facts in the opinion below and clarifies the record where necessary.

## OPINION

As the court understands plaintiffs' submissions, plaintiffs are raising the following challenges to defendants' actions: (1) defendants violated 23 U.S.C. § 128 by failing to

---

1,000 per month during construction.   (Pl.'s Reply (dkt. #61) p. 11; *id.*, Ex. 4 (dkt. #61-4).)   Of course, this drop-off may well improve once construction has been completed.

[2] Defendants originally proposed that plaintiffs move for summary judgment because this case involves a review of an administrative record.   (Dkt. #49.)   Over defendants' objection, the court agreed to consider plaintiffs' "proposed findings of facts" and "additional proposed findings of facts" submitted *pro se and* plaintiffs' submissions in support of a preliminary injunction submitted while plaintiffs were still represented by counsel, as plaintiffs' motion for summary judgment.   (Dkt. ##50, 53.)   After defendants filed their respective responses, plaintiffs' filed a "motion in support of summary judgment" (dkt. #61), which the court has construed as plaintiffs' reply in support of their motion for summary judgment.

hold a "public hearing"; (2) defendants relied, at least at times, on the wrong rule for the spacing of highway on and off ramps and do not always apply this rule; (3) defendants failed to provide a transcript of the December 23, 2012, meeting; and (4) defendants improperly designated the Project as a 5% Highway Safety Improvement Program Project under 23 U.S.C. § 148 and accompanying regulations.[3] While the court addresses each of these arguments in turn below,[4] it begins by again emphasizing the limited nature of this court's review of defendants' actions under the APA.

As set forth in greater detail in the opinion and order denying plaintiffs' motion for preliminary injunction, a federal court may only hold unlawful or set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). "Under both the 'arbitrary and capricious' and 'substantial evidence' standards, the scope of review is narrow and a court must not substitute its judgment for that of the agency." *Abraham Lincoln Mem'l Hosp. v. Sebelius*, 698 F.3d 536, 547 (7th Cir. 2012).

---

[3] Plaintiffs also raise challenges pursuant to the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*. (Pls.' Add'l PFOFs (dkt. #53) pp.3-5.) The complaint does not allege a NEPA violation, however, and the court is disinclined to grant leave at this late date to proceed on such a claim. *See Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) (explaining that a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment") (internal quotations omitted). Moreover, these arguments appear to be throw-aways, and the court is not going to develop these arguments for plaintiffs.

[4] In addition to responding to these arguments, defendants renew their argument that plaintiffs' challenge is moot because of the state's withdrawal of approval for use of federal highway funds. The court rejects this argument for the same reasons stated in its opinion and order denying defendants' motions to dismiss. (5/8/13 Op. & Order (dkt. #35) 9-16.)

## I.  Public Hearing Requirement

Title 23 U.S.C. § 128 requires that the WisDOT hold a public hearing as a condition of submitting plans for federal funding.  Defendants contend a hearing held on February 23, 2012, satisfied this requirement.  In response, plaintiffs argue that the hearing failed to meet the requirement because it was structured as an open house rather than a town hall meeting.  In other words, the hearing was not designed to allow members of the public to express their views publicly.  (Pls.' PFOFs (dkt. #50) ¶¶ 1-3, 6-7, 12.)  While the record demonstrates that defendants structured the hearing as an open house, without contemplating public input, it is undisputed that plaintiffs and other individuals of the public were allowed to and *did* speak at the event, albeit on a more limited basis than plaintiffs desired.  In particular, the undisputed record indicated that attendees -- including plaintiff Raj Bhandari -- publicly voiced concerns to and asked questions of the WisDOT officials in attendance.  According to the administrative record, public questions and comments lasted approximately 30 minutes.  On this record, the court finds "substantial compliance" with the public hearing requirement.  *See Coalition on Sensible Transp., Inc. v. Dole*, 642 F. Supp. 573, 604 (D.D.C. 1986) ("The role of the reviewing court is to determine whether there has been 'substantial compliance' with [the] requirements [of § 128 hearing].") (citing *Concerning Citizens on I-190 v. Sec. of Transp.*, 640 F.3d 1 (1st Cir. 1981)).

The Wisconsin Department of Transportation ("WisDOT") also held an intergovernmental meeting on December 15, 2011.  This meeting was not open to the public but plaintiffs Lavonne Gustavson and Raj Bhandari both attended the meeting.  In

their motion for summary judgment, plaintiffs now contend that they did not speak at this meeting, which is contrary to the administrative record and representations made at the preliminary injunction hearing.  To the extent public comment was allowed -- or at least tolerated -- this meeting arguably also substantially complies with the § 128 public hearing requirement.

Even if the December 15, 2011, and February 23, 2012, gatherings fell short of substantial compliance with the public hearing requirement under § 128, plaintiffs cannot demonstrate that they were prejudiced by this, nor that requiring a do-over would be anything except an empty victory.  *See Coal. of Concerned Citizens Against I-670 v. Damian*, 608 F. Supp. 110, 129 (D. Ohio 1984) ("Plaintiffs must show not only that a violation occurred, but also that they were prejudiced by this violation.").  Indeed, the record demonstrates that Raj Bhandari voiced opposition to the proposed project with, and received responses from, WisDOT going back to 2007.  The two meetings or hearings, coupled with the record of opposition posed by plaintiffs, as well as other members of the public and local governmental officials and entities, demonstrate "that highway planners [were] directly and publicly confronted with opposing views, [ensuring] that the planners [took] close account of the objectives and desires of individual citizens affected by the projects during the planning process."  *D.C. Fed'n of Civic Ass'ns, Inc. v. Volpe*, 434 F.2d 436, 441 (D.C. Cir. 1970); *see also Swain v. Brinegar*, 517 F.2d 766, 772 (7th Cir. 1975) (rejecting challenge to sufficiency of public hearing where primary objective of encouraging public input was achieved); *Highway J Citizens Grp., U.A. v. U.S. Dep't of Transp.*, 656 F. Supp. 2d 868, 896 (E.D. Wis. 2009) ("[A] public hearing must

allow citizens an opportunity to express their views in front of agency representatives and other citizens.").[5]

## II.  Lack of Transcript of Public Hearing

Plaintiffs also point to WisDOT's failure to record and transcribe the February 23, 2012, hearing as required by 23 U.S.C. § 128(b).   (Pls.' PFOFs (dkt. #50) ¶ 15.) Defendants acknowledge this failure, but contend that plaintiffs cannot prove any prejudice by the lack of a transcript.  *See Coal. of Concerned Citizens Against I-670*, 608 F. Supp. at 129.  While the court remains troubled by defendants' failure to comply with this provision, it also agrees that plaintiffs have failed to offer any credible evidence of prejudice on summary judgment.

If anything, the evidence is to the contrary.  Among the principal functions of a hearing transcript is to permit its review by federal officials who certify compliance with the public hearing requirement, and here, by virtue of the "Oversight Agreement" between the Federal Highway Administration ("FHWA") and WisDOT, the state undertook both the implementation *and* review roles.   Indeed, in attendance at the February 23, 2012, hearing were the very officials ultimately responsible for certifying that the public hearing requirement was met under that Agreement.  The record also shows more generally that WisDOT officials were well aware of and considered public opposition to the project, including to the lack of on and off ramps from U.S. Highway

---

[5] At the preliminary injunction stage, plaintiffs also argued that defendants failed to give "meaningful consideration" to their opposition during the February 23, 2012, hearing, but this is belied by the record of some four years of exchanges between the parties.

51 after construction of an overpass at the former, four-way intersection with County Highway C.  (Fed. Defs.' Add'l PFOFs (dkt. #59) ¶¶ 84-98; Gottlieb's Add'l PFOFs (dkt. #56) ¶¶ 60-78.)   Finally, plaintiffs' own briefs and factual submissions on summary judgment are replete with examples of strongly voiced opposition, not just from the plaintiffs, but from officials and others from the Town of Merrill, where plaintiffs' properties are located, complaining of the potentially devastating impact of the town being dissected by Highway 51 with no access on or off at Highway C.  Understandably, plaintiffs disagree with justifications of cost and general spacing protocols given by WisDOT for rejecting this opposition, but the requirement of a transcript is to insure input and consideration, not a favorable outcome.

### III. Spacing of Ramps

From the administrative record, defendants certainly relied, at least in part, on WisDOT's guidelines for minimum spacing between interchanges in a rural setting in deciding not to include on and off ramps at the former U.S. Highway 51 and County Highway C as part of the Project.  Accordingly, plaintiffs take issue with:  (1) a WisDOT official's statement at the December 15, 2011, informational meeting that spacing between ramps should be five miles, rather than two miles; and (2) the fact that on and off ramps were included in a 2001 project involving Highway 51 even though that project did not meet this ramp spacing recommendation.  (Pls.' PFOFs (dkt. #50) ¶¶ 5, 13.)

However, neither of these arguments demonstrates that defendants acted arbitrarily or abused their discretion in refusing to include on and off ramps as part of this Project.  First, other documents in the record correctly state that the recommended spacing was two miles between ramps, making a reference to a five-mile guideline a trivial error.  (Dkt. #31 at p.9.)  Second, the fact that WisDOT may have allowed ramps within two miles with respect to a different, ten-year-old highway construction project does not mean that it acted arbitrarily in following its guideline with respect to this Project.

## IV. Placement of Intersection on 5% HSIP List

Plaintiffs also complain that WisDOT improperly designated this as a "5% HSIP [Highway Safety Improvement Program] Project" in violation of 23 U.S.C. § 148 and accompanying regulations.  (Pls.' Add'l PFOFs (dkt. #53) pp.1-3.)  Specifically, plaintiffs challenge WisDOT's collision analysis methodology and the time period of data used in the analysis.  At the preliminary injunction stage, the court expressed skepticism as to the likelihood of plaintiffs prevailing on an argument that defendants acted arbitrarily or abused its discretion by considering the wrong timeframe or overstating the number of serious accidents at the Intersection.  The court need not even reach this issue, however, because, as defendants demonstrate, the claim fails as a matter of law:  while WisDOT approved the Project for HSIP funding, no HSIP funds were actually expended or reimbursed, or will be expended or reimbursed, as part of this Project.  As such, WisDOT's inclusion of the Intersection on its 5% report is inconsequential to the federal government's involvement in the Project and affords plaintiff no basis to challenge

defendants' actions under the APA.[6]  (5/8/13 Op. & Order (dkt. #35) 16-17 (explaining that the APA offers a basis for challenging *federal* agency action).)

ORDER

IT IS ORDERED THAT:

1) plaintiffs Raj and Meenakshi Bhandari and Larry and Lavonne C. Gustavson's motion for summary judgment (dkt. #50) is DENIED;

2) summary judgment is granted in favor defendant United States Department of Transportation, Ray Lahood, Federal Highway Administration, Victor M. Mendez, and Mark Gottlieb.  Plaintiffs' complaint is dismissed with prejudice; and

3) the clerk of the court is directed to enter judgment in favor of defendant, and close this case.

Entered this 16th day of January, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

---

[6] Defendants raise other challenges to any claim based on WisDOT's inclusion of the Intersection on the 5% report.  The court need not reach these bases either, in light of the now undisputed record that HSIP funding was not used and will not be used in this project.